UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ROBERT SHUTTER, #303806,

        Petitioner,

v.                                      Case Number 1:20-CV-10115
                                       Honorable Thomas L. Ludington

CATHERINE BAUMAN,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.**

Michigan prisoner Gary Robert Shutter ("Petitioner"), currently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Following a jury trial in the Macomb County Circuit Court in 2016, Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, assault with a dangerous weapon ("felonious assault"), Mich. Comp. Laws § 750.82, malicious destruction of personal property less than $200 ("malicious destruction"), Mich. Comp. Laws § 750.377a(1)(d), and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. In 2017, he was sentenced to concurrent terms of five to twenty years imprisonment on the assault with intent to commit murder conviction, two to four years imprisonment on the felonious assault conviction, 98 days imprisonment on the malicious destruction conviction, and two years imprisonment on the felony firearm conviction.

In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the effectiveness of trial counsel, and double jeopardy ("Constitutional rights violated being placed twice in jeopardy."). ECF No. 1 at PageID.8. For the reasons stated below, the claim will be dismissed without prejudice. A certificate of appealability will be denied as well as leave to proceed in forma pauperis on appeal.

## II.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims regarding the sufficiency of the evidence and the effectiveness of trial counsel. The court affirmed his convictions and sentences. *People v. Shutter*, No. 336613, 2018 WL 3998735 (Mich. Ct. App. Aug. 21, 2018) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Shutter*, 503 Mich. 949, 922 N.W.2d 356 (Feb. 4, 2019). Petitioner's federal habeas petition is dated January 13, 2020.

## III.

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet this burden. The record indicates that he did not present his double jeopardy claim to the Michigan Court of Appeals. Pet. Brf. on Appeal, ECF No. 1 at PageID.16, 20. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus (a petition containing both exhausted and unexhausted claims). This "leav[es] the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160.

Petitioner has not properly exhausted his double jeopardy claim in the state courts and he has available remedies in the Michigan courts before proceeding in federal court. Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner provided he pursues his state court remedies in a prompt fashion. Petitioner's convictions became final 90 days after the conclusion of direct appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct.

R. 13, on or about May 6, 2019.[1]  The one-year period began running the next day and stopped January 13, 2020 when Petitioner dated his federal habeas petition for submission to prison officials for mailing. ECF No. 1. At PageID.59.  Accordingly, just over eight months of the one-year period had expired when he instituted this action.  The one-year period will be tolled while any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that three months of the one-year period remains, Petitioner has time to fully exhaust all his claims in the state courts and then return to federal court should he wish to do so.

Furthermore, while there is no evidence of intentional delay, Petitioner neither alleges nor establishes good cause for failing to properly exhaust his third claim in the state courts before seeking federal habeas relief.  The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).  Petitioner's unexhausted claim concerns a matter of federal law.  The Court cannot rule upon the claim unless and until the state courts address it.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.  The habeas petition must therefore be dismissed.

## IV.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds without addressing the merits, a

---

[1] May 5, 2019 was the 90th day, but that day was a Sunday.  The 90-day period for seeking certiorari thus ended the next day, on Monday, May 6, 2019.  *See* Fed. R. Civ. P. 6(a)(1)(C).

certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, a certificate of appealability will be denied as well as leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It if further **ORDERED**, that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: March 10, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served **Gary Robert Shutter** #303806, NEWBERRY CORRECTIONAL FACILITY, 13747 E. County Road 428, NEWBERRY, MI 49868 by first class U.S. mail on March 10, 2020.

s/Kelly Winslow
KELLY WINSLOW