UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ROBERT SHUTTER, #303806,

        Petitioner,

v.

Case Number 1:20-CV-10115
Honorable Thomas L. Ludington

CATHERINE BAUMAN,

        Respondent.
_____/

## ORDER DENYING MOTION TO AMEND

Michigan prisoner Gary Robert Shutter ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for assault with intent to commit murder ("AWIM"), Mich. Comp. Laws § 750.83, assault with a dangerous weapon ("felonious assault"), Mich. Comp. Laws § 750.82, malicious destruction of personal property less than $200 ("malicious destruction"), Mich. Comp. Laws § 750.377a(1)(d), and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, following a jury trial in the Macomb County Circuit Court in 2016.  He was sentenced to concurrent terms of five to twenty years imprisonment on the AWIM conviction, two to four years imprisonment on the felonious assault conviction, and 98 days imprisonment on the malicious destruction conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2017.  In his petition, he raised claims concerning the sufficiency of the evidence, the effectiveness of trial counsel, and double jeopardy.  On March 10, 2020, the Court dismissed without prejudice that habeas petition for failure to fully exhaust state court remedies because Petitioner did not raise his double jeopardy claim in both of the Michigan appellate courts.

The matter is now before the Court on Petitioner's motion to amend his habeas petition to eliminate the unexhausted claim. Petitioner, however, cannot amend his prior habeas petition because it is no longer pending before the Court. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994). No such action has occurred here. The Court properly dismissed the original petition, closed the case, and did not retain jurisdiction over the matter. Petitioner's appropriate recourse is to file a new habeas petition in accordance with the federal rules, not to reopen this closed case.

Accordingly, it is **ORDERED** that Petitioner's motion to amend, ECF No. 7, is **DENIED**. This denial is without prejudice to Petitioner filing a new habeas case.

Dated: July 16, 2020    s/Thomas L. Ludington

　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Gary Robert Shutter** #303806, NEWBERRY CORRECTIONAL FACILITY, 13747 E. County Road 428, NEWBERRY, MI 49868 by first class U.S. mail on July 16, 2020.

　　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager